## BOB WRIGHT v. STATE.

No. A-3366.    Opinion. Filed April 7, 1920.

(188 Pac. 685.)

(Syllabus.)

**INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** In a prosecution for the unlawful possession of intoxicating liquor, the evidence considered, and held sufficient to sustain the conviction.

*Appeal from Superior Court, Muskogee County;*

*Guy F. Nelson, Judge.*

Bob Wright was convicted of violating the prohibitory law, and he appeals. Affirmed.

*Harry F. Eagan,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Bob Wright, and George Frederick were jointly charged with the offense of having in their possession certain spirituous and intoxicating liquors. After arraignment and before the case was called for trial, the defendant Frederick withdrew his plea of not guilty and entered a plea of guilty. Upon his trial the plaintiff in error was convicted, and his punishment fixed at confinement for 90 days in the county jail and a fine of $250. From the judgment rendered on the verdict, he appeals.

Without going into a detailed statement of the testimony, it shows that B. C. Hughes and E. L. Trimble, deputy sheriffs, raided plaintiff in error's place of business on East Main street in the town of Haskell. Hughes testified that he was acquainted with Bob Wright and his place of business, and on the date alleged he found a quart bottle partly full of alcohol and two coffee pots containing alcohol; that when they entered the place the defendant Frederick was standing behind the bar with his coat off, and he emptied all of the alcohol from the coffee pots except about one-half gallon; Frederick stated to the officers that he was staying there for Mr. Wright, and that Mr. Wright was in the adjoining room asleep on a cot; that he found about two sacks of whisky bottles in the rear room, and there were whisky glasses and cork screws that were being used at the place; that the general reputation of the place in the community was that of being a place where intoxicating liquor was bought.

E. L. Trimble testified that as they entered the place the defendant Frederick grabbed a coffee pot and emptied

it; that the one they took from him contained whisky, and the other coffee pot was about a third full of alcohol, and they were standing on a shelf with the solf drinks; that the whisky glasses were underneath the bar; that the defendant Wright came in from an adjoining room and told the officers that the place did not belong to Frederick, but that it was his place; that the reputation of the place was that of being a place where intoxicating liquor was sold.

George M. Swanson testified that he was acquainted with the defendant Wright and his place of business, and that the reputation of the place was that of being a place where intoxicating liquors were sold.

For the defense the defendant Frederick testified that his understanding was that Mr. Sartain owned the building, and that he had been working there for the defendant Wright· but when the raid was made Mr. Lonegan had a lease on the place; that he did not know exactly when the defendant Wright got out of the business, but thought it was about three weeks before that Wright made the deal with Lonegan.

The errors assigned question the sufficiency of the evidence to support the verdict.

We are of the opinion that the evidence is amply sufficient to support the verdict and we find no error affecting the merits of the case.

We, accordingly, affirm the judgment.